# EXHIBIT B – Part II

# Complaint For Damages And Injunctive Relief

evidencing "serious delinquency, public record, or collection" in his consumer credit information.

53. On November 25, 2009, Trans Union wrote to the Plaintiff and advised him that its investigation was complete and verified that American Express had instructed it to retain the notice of "collection account" in its data base and that this information would not be changed.

54. According to the most recent Experian report in Plaintiff's possession dated November 26, 2009, the credit card account is continuing to report as "Collection account. $28,406 past due as of January, 2009; in collection as of January, 2009. The report further indicates that the information was "verified in March 2009 and remained unchanged".

55. According to a Tri-Merge report dated November 30, 2009, Experian and Trans Union continue to report the account in delinquent or negative status. It is still unclear, at this time, whether Equifax and CSC are reporting the account in negative status

56. As a result of the forgoing, Plaintiff's consumer credit and FICO or other proprietary agency credit score(s) has/have been seriously impaired.

57. On December 1, 2009, American Express and each of the CCRAs were again notified and advising of the continuing dispute and the problem, including a detailed history of the dispute, and demand was made that a resolution be forthcoming. As of the date of the filing of this Complaint, no response has been made by any of the Defendants to Plaintiff's request for an amicable resolution of these disputes.

58. As a result, Plaintiff has been forced to institute the current action in order to clear his credit record and resolve this ongoing dispute and to prevent further damage to his credit.

59. American Express continues to furnish the false and fraudulent Consumer Credit information concerning the credit card account to the CCRAs, and one or more of them continue to report this erroneous information or otherwise have the information in their data files, which creates the potential for future erroneous reporting of this information by the CCRAs, including those who are may not be currently reporting it.

60. The conduct of American Express as above alleged was at all times initiated, undertaken, or conducted by and through its employees or authorized agents, acting within the course and scope of their employment or authority from American Express, and American Express is therefore directly liable for the legal violations above alleged or, alternatively, is vicariously liable for the actions and conduct of its employees or agents.

61. As a result of the foregoing legal violations, Plaintiff has incurred damages in excess of the minimum jurisdictional limits of this Honorable Court, and will incur additional damages in the future, all of which will be proven at the trial of this matter.

62. The above specific violations identified are not necessarily intended to be exclusive or inclusive, as discovery may reveal other specific violations or identify additional dates or instances of the furnishing and reporting of the false consumer information at issue by American Express and the Agency Defendants. Each and every instance of same, and each and every day that same occurred or existed subsequent to the Plaintiff's initial notification of the errors and his requests for reinvestigation and correction, constitute individual, separate, and independent and/or cumulative violations of the Act, as well as separate and independent or cumulative publications of such false information.

16

63. As a result of the ongoing legal violations perpetrated against him by American Express, which continue unabated despite demand and notice served by the Plaintiff and his counsel, and further in spite of notice having been provided to the Agency Defendants who are also aware of the erroneous nature of American Express' information furnishing and reporting, the Plaintiff is suffering financially, and is in further danger of suffering immediate, irreparable injury, loss, or damages to his personal reputation, credit score, and such injuries cannot be adequately or sufficiently compensated for by an award of damages.

64.     Accordingly, Plaintiff is entitled to equitable relief, including but not limited to the entry of a temporary restraining order and/or entry of a preliminary and ultimately permanent injunction pursuant to FRCP 65 and other applicable law, prohibiting the Defendants from further furnishing and/or reporting said erroneous information, and directing the Defendants to immediately and permanently correct the Plaintiff's credit record.

## COUNT 2
### (American Express)

65.     Plaintiff restates and re-alleges each and every allegation set forth above with like effect as if fully set forth herein.

66.     In and throughout the entire course of its dealings with the Plaintiff during the periods at issue in this Complaint, American Express willfully and/or negligently, and/or further knowingly, maliciously, intentionally, wantonly and/or recklessly, engaged in multiple violations of the Act, and continues to violate the Act, with full knowledge of its continuing violations, in one or all of the following respect:

17

a.   By willfully and/or negligently, and/or further knowingly, maliciously, intentionally, wantonly and/or recklessly, reporting erroneous consumer credit information to the Agency Defendants;

b.   By willfully and/or negligently and/or further knowingly, maliciously, intentionally, wantonly and/or recklessly failing, in the preparation or creation of the information it furnished to the consumer reporting agencies, to properly reinvestigate the information in its data base or to conduct a fair and reasonable reinvestigation under Section 1692 of the Act or other of its provisions upon receipt of notice from the Agency Defendants on and after the dates specified above, and then failing to properly advise the Agency Defendants to report the account accurately and consistently with the facts and applicable law;

c.   By its failure to follow reasonable procedures to assure to the maximum extent possible the accuracy of the information so furnished or reported;

d.   By willfully and/or negligently and/or further knowingly, maliciously, intentionally, wantonly and/or recklessly, failing or refusing to correct its erroneous reporting timely, sufficiently, or otherwise in compliance with the Act despite due and proper notifications by the Plaintiff and others authorized to make such notifications on his behalf;

e.   By willfully and/or negligently and/or further knowingly, maliciously, intentionally, wantonly and/or recklessly, failing to delete the erroneous or inaccurate consumer credit information in Plaintiff's Consumer Credit file after conducting investigation(s) and reinvestigations(s) and confirming its repeated errors;

f.    By willfully or negligently and/or further knowingly, maliciously, intentionally, wantonly and/or recklessly, failing or refusing to use or implement reasonable procedures available to American Express to avoid such errors and to prevent further and future errors;

g.    By willfully or negligently and/or further knowingly, maliciously, intentionally, wantonly and/or recklessly, failing or refusing to comply with the Plaintiff's repeated requests for correction of the erroneous information contained in American Express' computer systems or otherwise furnished by American Express to third parties, and/or,

h.    For all such other further reasons, not otherwise identified above but as may be authorized under the Act, subjected to amendment as discovery may warrant or reveal.

67.    All notices necessary or required by the Act, including the appropriate consumer dispute notices to the Agency Defendants, notice by the Agency Defendants to the furnisher American Express or its agents, and the responses required by the furnisher were made to the Agency Defendants and/or the furnisher of the inaccurate consumer information complained of herein, and all duties and obligations of American Express to comply with its reinvestigation obligations under the Act and all of its amendments, including FACTA, had been triggered as of the filing of this Complaint.

68.    On account of these cumulative or individual violations, the Plaintiff has suffered damages and is entitled to recover his statutory, actual, compensatory and other damages specified in the Act, including his costs and reasonable attorney fees, for each and every violation of the Act as may be proven in evidence, and as per the Demand for Relief set forth below.

19

69. The conduct of American Express in this instance was willful, malicious, oppressive, intentional, knowing, and/or reckless or undertake with wanton indifference to the rights of the Plaintiff and the Plaintiff is entitled to an award of punitive or exemplary damages.

### COUNT 3
### (American Express)

70. Plaintiff restates and re-alleges each and every allegation set forth above with like effect as if fully set forth herein.

71. The actions of American Express were perpetrated knowing, willfully, and intentionally and/or with malice or flagrant or reckless indifference to the rights of the Plaintiff.

72. The conduct of American Express as above alleged was either intended by American Express to cause severe emotional distress to the Plaintiff, or was such that American Express should have known that such conduct would in fact cause the Plaintiff severe emotional distress, the Plaintiff has in fact suffered such severe emotional distress, and all such conduct clearly exceeded the bounds of common decency as would be expected and observed in any civilized community or society.

73. American Express' conduct as above alleged therefore constitutes the tort of outrage or intentional infliction of emotional distress under Kentucky law, and the Plaintiff is entitled to those damages attributable thereto as requested in his Demand for Relief set forth below.

### COUNT 4
### (American Express)

20

74.   Plaintiff restates and re-alleges each and every allegation set forth above with like effect as if fully set forth herein.

75.   The erroneous consumer credit information furnished, reported, and communicated by American Express, as hereinabove alleged, contained false statements of material fact concerning the Plaintiff and his financial status and responsibility, and all were published by American Express on multiple occasions, to multiple recipients, including the Plaintiff's current creditors, the consumer credit reporting agencies, and other third parties.

76.   The information so furnished or reported were statements of fact, where were false in all respects, and multiple publications to third parties of such false information occurred on the dates specified above and on such other dates as to be determined through discovery.

77.   The information so furnished was therefore libelous and defamatory in nature, including libelous and defamatory *per se*, and the distribution and furnishing of such false and erroneous information directly and proximately caused embarrassment to the Plaintiff, injuries to his reputation, and such other damages requested in the Demand for Relief below.

78.   At all times, American Express' conduct in relation to the Plaintiff and American Express' creation, communication, furnishing and other distribution of this false and defamatory or libelous information was willful and intentional, carried our with malice and further with a known, conscious, and flagrant disregard as to its truth and total indifference as to the rights of the Plaintiff's and/or with a subjective awareness of the part of American Express that such information was false, and that its conduct could result in damage to the Plaintiff, and Plaintiff is entitled to recover those damages resulting there

from as requested in his Demand for Relief below, as well as punitive damages, all associated with each and every publication of the false, defamatory, and libelous information as alleged herein.

## COUNT 5
### (American Express)

79.     Plaintiff restates and re-alleges each and every allegation set forth above with like effect as if fully set forth herein.

80.     American Express' conduct invaded or violated the Plaintiff's right to privacy by:

      a.    Intruding upon the seclusion of the Plaintiff;

      b.    Misappropriating Plaintiff's name, likeness, or other personal and private information;

      c.    Creating unreasonable public exposure of a matter or matters relating or pertaining to the Plaintiff private life; and/or

      d.    Creating publicity or otherwise disseminating information which portrayed the Plaintiffs in a false or unflattering light

      e.    There was publication of the false and misleading facts or information or unflattering pertaining to the Plaintiff's personal life to third persons or parties.

81.     American Express' conduct directly and/or proximately caused, or was a substantial factor in causing, damages to Plaintiff's reputation and emotional and mental health and well being.

22

82.    At all times, American Express' conduct in respect to the Plaintiff was willful, malicious, intentional, knowingly undertaken, and/or wanton and reckless or in flagrant disregard for the rights of the Plaintiff, and the Plaintiff is entitled to an award of damages as sought in his Demand for Relief below.

## COUNT 6
### (American Express)

83.    Plaintiff restates and re-alleges each and every allegation set forth above with like effect as if fully set fourth herein above.

84.    American Express' conduct violated the Kentucky Consumer Protection Act, KRS Chapter 367 (the "KCPA") and has engaged in one or more unfair, false, misleading, deceptive or unconscionable acts, in the conduct of its trade or business, and in relation to one or more goods or services provided or sold by American Express by, amongst other things:

   a. Knowingly reporting false, misleading, and/or inaccurate information resultant from the fraudulent, unlawful, and unauthorized use of Plaintiff's American Express consumer credit card;

   b. Claiming, attempting, or making threats, including reporting Plaintiff's consumer credit card account to the CCRAs as being in negative status, past due, in default, and/or in collection when American Express knew or should have known that its rights to do so were not legitimate;

   c. Actually reporting Plaintiff's consumer credit card account to the CCRAs as being in negative status, past due, in default, and/or in

23

collection when American Express knew or should have known that its rights to do so were not legitimate;

d. Depriving Plaintiff from the benefit of obtaining credit, making needed consumer purchases, and/or receiving the full benefit of the use of his American Express consumer credit card under the terms of his contract with American Express by:

    (a.) Placing the fraudulent charges made unlawfully, unknowingly, and without Plaintiff's authorization onto Plaintiff's American Express consumer credit card account;

    (b.) Failing to properly investigate and/or correct the posting of fraudulent charges made to Plaintiff's American Express consumer credit card which were known or should have been known to be false resultant from Plaintiff being the victim of identity theft;

    (c.) Failing to promptly or accurately post or notify the CCRAs of the fraudulent charges made to Plaintiff's American Express consumer credit card which were known or should have been known by American Express to be false resultant from Plaintiff being the victim of identity theft;

e. Asserting the existence of legal and/or contractual rights against Plaintiff relating to the unlawful and unauthorized use of Plaintiff's American Express consumer credit card when American Express knew or should

24

～～ ～～～ ～～～～ have known that such rights did not exist and/or were unenforceable; and,

85.     Willfully, intentionally, and/or maliciously engaging in the conduct described above. American Express' conduct directly and/or proximately caused, or was a substantial factor in causing, damages to Plaintiff's reputation and emotional and mental health and well being.

86.     At all times, American Express' conduct in respect to the Plaintiff was willful, malicious, intentional, knowingly undertaken, and/or wanton and reckless or in flagrant disregard for the rights of the Plaintiff, and the Plaintiff is entitled to an award of damages as sought in his Demand for Relief below, including attorney fees pursuant to the KCPA.

### COUNT 7
### (Agency Defendants)

87.     Plaintiff restates and re-alleges each and every allegation set forth above with like effect as if fully set fourth herein above.

88.     The Agency Defendants have continually and at all relevant times hereto created, processed, added to, stored, maintained, and disseminated personal and credit data above identified about the Plaintiffs, or in relation to the Plaintiff, which is false, erroneous, and misleading, without employing procedures available or designed to insure the accuracy of the information posted to Plaintiff's consumer credit report, and have disseminated such false and erroneous information to third parties or persons under contract, despite due and proper notice of its erroneous and false character made by the Plaintiff in accord with the Act.

89.   The Agency Defendants failed to employ reasonable procedures to timely and properly reinvestigate the accuracy of such erroneous information and the negative data despite proper notice by the Plaintiffs, and even despite such notifications and communications with and between them, and American Express, which confirmed the erroneous nature of such information on numerous occasions.

90.   Through their actions/inactions and conduct as herein alleged, the Agency Defendants together or individually have caused great and irreparable injury to the Plaintiff.

91.   The Agency Defendants have further failed to utilize such methods necessary as to determine whether fraudulent charges have been made and reported by any person other than the Plaintiff.

92.   The Agency Defendants have continually posted false and harmful information to Plaintiff's consumer credit reports without requiring reasonable points or numbers of correspondence, or due to their failure or refusal to act upon such notices and correspondence and the information in their possession, all which they were or should have been aware and all in violation of the Act.

93.   The Agency Defendants assured Plaintiff, upon which Plaintiff relied and has continued to rely to his detriment, that the erroneous consumer information identified in this Complaint would be corrected and/or that corrections were in fact made; however and nonetheless, such corrections were not made, were made in a way that the Agency Defendants knew or should have known would not fully and finally correct the problems associated with their reporting, were otherwise not made in a manner which was available to such Defendants to accomplish the result assured, or failed to or refused to comply with their obligations to the plaintiff under the Act or other applicable laws.

94.    The Agency Defendants failed to invoke necessary functions, procedures or programs or other systems available to them and/or which were or could have been used or designed to ensure that the false data in question would not post to Plaintiff's consumer credit report, and/or that same would be suppressed from appearing thereon, all despite repeated notices provided to them by the furnisher of the information and by the Plaintiffs directly, and all in violation of the Act.

95.    The Agency Defendants operate, utilize, or have created a credit reporting system that is defective and does not comply with the Act, or other laws governing such Defendants' actions in relations to the duties and responsibilities they are required to adhere to under the Act or other applicable law.

96.    The conduct of the Agency Defendants was knowing, willful, intentional, malicious, or reckless and in flagrant disregard as to the rights of the Plaintiffs, as well as the Agency Defendants' obligations under the Act, and other applicable law.

97.    Each allegation above constitutes independent and separate violations of the Act by the Agency Defendants.

98.    Together or in the alternative, the cumulative effect of the conduct of the Agency Defendants as alleged hereinabove resulted in one or more violations of the Act, as well as one or more violations of the state law torts of negligence, defamation, invasion of privacy, tort of outrage, and state statutes (including the KCPA) and such other legal authority identified.

99.    The cumulative conduct of the Agency Defendants' conduct as hereinabove alleged, has defamed or libeled the Plaintiffs, and invaded the Plaintiffs' legitimate and reasonable expectations of privacy to the same extent set forth in Plaintiff's claims against

American Express, and for the same or similar reasons, and such conduct further constitutes the tort of outrage under Kentucky law as otherwise plead and alleged herein, and separate and independent violations by the Agency Defendants and for the reasons hereinabove alleged against American Express.

100.   The conduct of the agency Defendants as above alleged was at all times initiated, undertaken, or conducted by and through their respective employees or authorized agents, acting within the course and scope of their respective employment duties and/or authority, and the Agency Defendants are therefore directly liable for the legal violations above alleged, or alternatively, are vicariously liable for the actions and conduct of their respective employees or agents acting within such scope and with such authority.

101.   The conduct of the Agency Defendants as alleged herein was a substantial factor cumulatively, or separately constituted independent and substantial factors which caused or contributed to, in whole or in part, those damages suffered by the Plaintiff, as otherwise alleged and sought in this Complaint.

### COUNT 7
### (Claims for Temporary Restraining Order and/or Injunctive or Equitable Relief Against AMEX and, to the Extent Necessary, the Agency Defendants)

102.   Plaintiff restates and re-alleges each and every allegation set forth above with like effect as if fully set forth herein.

103.   The conduct alleged herein by American Express and the Agency Defendants continues, to the knowledge and belief of the Plaintiff, unabated even as of the filing of this Complaint and despite the notices served and received by all Defendants, disputing the erroneous credit reporting detailed hereinabove, and despite each such Defendants' knowledge as to the falsity of such information.

104.   The Plaintiff is currently incurring and will incur immediate irreparable harm, injury, loss, and damages and same will continue to accrue before this matter may be fully adjudicated on the merits or heard in opposition, and their remedies at law are inadequate to insure that the Defendants' future illegal conduct will eventually abate.

105.   No bond or surety or other security should be required prior to or at the time of the issuance of any restraining order or injunction sought herein, as same is not necessary for the protection of any party to this litigation.

106.   The Court should, immediately and in any event as soon as practical, and consistent with the Rules of Court, issue a temporary restraining order and/or injunction or equitable stay prohibiting the Defendants from any further furnishing, reporting, or disclosing the type of erroneous consumer credit information at issue in this litigation. No prejudice will result to the Defendants should the Court grant Plaintiff's requests for the equitable relief requested herein, while the Plaintiff will be severely damaged and prejudiced should this request for relief be denied.

107.   Equitable and Injunctive Relief is being requested by Motion and supporting Affidavit and filed contemporaneously herein as to American Express. Plaintiff's have limited their requested for equitable relief to the extent possible at this time as it appears reasonable to assume that an injunction against American Express, ordering such Defendants to cease the furnishing of their erroneous reports and to correct same through notification to the Agency Defendants is all that should be currently required to accomplish preservation of the status quo and avoidance of additional damages to the Plaintiff. Plaintiff reserves the right to seek additional equitable or injunctive relief against the Agency Defendants should same become necessary.

### Demand for Relief

WHEREFORE, the Plaintiff, by counsel, demands judgment against the Defendants, jointly and severally, in amounts considered fair and reasonably by the jury based upon the evidence for the following, and for each and every legal violation so proven, and further demand the additional equitable relief below:

1. Damages associated with Plaintiff's past, present and future physical, mental, and emotional pain, suffering, embarrassment and humiliation;

2. All damages presumed at law or authorized for per se violations of any applicable law;

3. Statutory damages authorized under the Act, or otherwise under applicable law for each and every legal violation proven in evidence;

4. Actual damages associated with Plaintiff's diminution in their respective powers to labor and earn money, or loss of investments or opportunity, ability to obtain credit, cancellation or reprisal of any credit, and/or any other financial damages flowing from any of the conduct alleged herein;

5. An award of compensatory damages, with respect to all categories of damage authorized under the Act or other law, in an amount or amounts to be proven at trial;

6. Reimbursement for fees and other consequential damages and expenses;

7. Punitive damages or exemplary damages due to the intentional, malicious, oppressive, knowing, or reckless or wanton conduct of the Defendants, together, in concert, or separately, as shown by the evidence;

30

8.  His reasonable attorney fees expended to the extent authorized under any applicable law;

9.  The immediate issuance of a temporary restraining order and/or preliminary and/or permanent injunction or such other equitable relief as the Court deems just and proper, for the reasons and upon the terms requested hereinabove;

10. His costs herein expended;

11. TRIAL BY JURY on all issues so triable; and,

12. Any and all other relief to which they may appear entitled, including but not limited to leave to amend this Complaint to the extent necessary to assert additional claims or pursue other parties or remedies.

Respectfully submitted,

COOPER & FRIEDMAN, PLLC

HAL D. FRIEDMAN
MICHAEL T. COOPER
1448 Gardiner Lane
Louisville, KY 40213
(502) 459-7555
(502) 451-1698 (fax)
*COUNSEL FOR PLAINTIFF*

# Office of the Sheriff

**Sheriff**
**Maynard B. Reid, Jr.**

727 McDowell Road
Asheboro, NC 27205

Asheboro: (336) 318-6699
Archdale/Trinity: (336) 819-3825
Liberty: (336) 218-4625
FAX: (336) 318-6618

To: Vlad Semenov
    Atty: Hal Friedman

From: Det. Bernie Maness
      Randolph County Sheriff's Office

RE: Brian Keith Combs


     I am writing in request from Mr. Semenov. Our investigation into computer crimes have resulted in the arrest of Mr. Brian Keith Combs who is currently awaiting trial. .There is evidence and statements that show Brian Keith Combs did pose as Vlad Semenov a travel agent in Kentucky.  We believe that Mr. Semenov is victim of Identity Theft. We have spoken to Detective Spegal in Prospect Kentucky and forwarded the information including information concerning Mr. Combs making a confession to these matters in at this time seven states. If we can assist you please feel free to contact us.


Detective

*Bernie Maness*

Bernie Maness
Randolph County Sheriff's Office

*"The Sheriff shall keep and preserve the peace of his county"*

Circuit Court Clerks Office
Judicial Center
700 W. Jefferson St.
Louisville, KY 40202



7007 2680 0002 2148 5224



UNITED STATES POSTAGE
$ 06.83⁰
02 1M
0004259685   FEB 01 2010
MAILED FROM ZIPCODE 40202

THE PRENTICE HALL CORPORATION
SYSTEM
421 WEST MAIN STREET
FRANKFORT, KENTUCKY 40601

CERTIFIED MAIL
RETURN RECEIPT REQUESTED